# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICROSOFT CORPORATON, a Washington Corporation; MN BEST BUY
CO., INC., a Minnesota Corporation; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NICOLLE STOREY, an Individual,

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/19/2024 5:56 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER<br>*(Número del Caso):*<br>**24LBCV02836** |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Governor George Deukmejian Courthouse
275 Magnolia
Long Beach, California 90802

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew M. Jacobson, Esq. (SBN 286330) Engstrom, Lipscomb & Lack
11601 Wilshire Boulevard, 14th Floor, Los Angeles, California 90025
(310) 552-3800

DATE:                                    David W. Slayton, Executive Officer/Clerk of Court
*(Fecha)* 12/19/2024        Clerk, by        A. Miranda        , Deputy
                            *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Microsoft Corporation, a Washington corporation
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*www.courtinfo.ca.gov*

Storey-6343        Exhibit A
                   Page 10



WALTER J. LACK, ESQ. (SBN 57550)
ANDREW M. JACOBSON, ESQ. (SBN 286330)
JASON L. TILLMAN, ESQ. (SBN 307557)
SYDNEY M. DESMAN, ESQ. (SBN 332480)
RYAN J. FARRELL, ESQ. (SBN 340170)
**ENGSTROM, LIPSCOMB & LACK**
11604 Wilshire Boulevard, 14th Floor
Los Angeles, California 90025-1744
Telephone:     (310) 552-3800
Facsimile:     (310) 552-9434
Email:         ajacobson@elllaw.com;
               jtillman@elllaw.com;
               sdesman@elllaw.com;
               rfarrell@elllaw.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/19/2024 5:56 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| NICOLLE STOREY, an Individual, | CASE NO.: 24LBCV02836 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1) **NEGLIGENCE;** 2) **STRICT PRODUCTS LIABILITY;** 3) **BREACH OF IMPLIED WARRANTIES; and** 4) **BREACH OF EXPRESS WARRANTIES** |
| MICROSOFT CORPORATON, a Washington Corporation; MN BEST BUY CO., INC., a Minnesota Corporation and DOES 1 through 50, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMES NOW** Plaintiff NICOLLE STOREY, an Individual, ("Plaintiff") who complains against Defendants MICROSOFT CORPORATION ("MICROSOFT"), MN BEST BUY CO., INC. ("BEST BUY") and DOES 1 through 50, inclusive, and each of them as follows:

///

///

1

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## INTRODUCTION

1.     At all relevant times, Plaintiff resided at a property located at 823 E Seaside Walk, Long Beach, CA 90803 ("SUBJECT PROPERTY").

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned in the complaint Defendants and each of them were in the business of designing, manufacturing, testing, constructing, assembling, inspecting, distributing, and/or selling a "Microsoft Surface Book" and its component parts ("LAPTOP") which at all times herein mentioned was owned by Plaintiff, and which at times mentioned herein was located in the SUBJECT PROPERTY.

3.     Plaintiff is informed and believes and thereon alleges that on or about April 11, 2023, the LAPTOP caught fire at the SUBJECT PROPERTY resulting in large flames and plumes of smoke.

4.     As a result of the fire, Plaintiff suffered extensive personal injury including second degree burns, sequela and smoke inhalation requiring intubation as well as considerable interior property damage to the SUBJECT PROPERTY and destroyed Plaintiff's personal property contents therein.

## PARTIES

5.     Plaintiff NICOLLE STOREY is, and at all times relevant, was an individual residing in the County of Los Angeles, in the State of California.

6.     Plaintiff is informed and believes and thereon alleges, that Defendant MICROSOFT CORPORATION is a corporation, organized and existing under the laws of the State of Washington and licensed to do business and doing business in the State of California.

7.     Plaintiff is informed and believes and thereon alleges, that Defendant MN BEST BUY CO., INC.is a corporation, organized and existing under the laws of the State of Minnesota and licensed to do business and doing business in the State of California.

8.     Plaintiff does not know the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

named Defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly or otherwise and that each said DOE defendant is liable to Plaintiff for the damages claimed herein.

9.      Plaintiff is informed and believe, and based thereon alleges that, at all times relevant, Defendants, and each of them, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, employees, alter egos, successors-in-interest and/or joint ventures of their codefendants, and were, as such, acting within the course, scope and authority of said agency, employment, alter ego, successor-in-interest and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee, alter ego, successor-in-interest and/or joint venturer.

10.     Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was negligent and liable for the same conduct as the remaining Defendant, and is responsible in some manner for the events and happenings herein referred to, and that their negligence proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through such Defendants' own negligent conduct or through the conduct of their agents, servants, and/or employees, or due to their ownership, control, rental, use, sale, design, maintenance, repair, construction, manufacture, and/or lease of the property or instrumentality by which Plaintiff's injuries were caused, or in some other manner.

## VENUE AND JURISDICTION

11.     MICROSOFT is subject to the jurisdiction of this Court by virtue of its business dealings and transactions in California, by having caused injuries through its acts and omissions throughout the State of California. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI §10 of the California Constitution.

12.     BEST BUY is subject to the jurisdiction of this Court by virtue of its business dealings and transactions in California, by having caused injuries through its acts and omissions throughout the State of California. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI §10 of the California Constitution.

13.     DOE Defendants, and each of them, are subject to the jurisdiction of this Court by

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

virtue of their business dealings and transactions in California, by having caused injuries through their acts and omissions throughout the State of California. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI §10 of the California Constitution.

14. The damages suffered by the Plaintiff exceeds this Court's jurisdictional minimum.

15. Each Defendant has sufficient minimum contacts within California to make the exercise of jurisdiction over each Defendant by California courts consistent with traditional notions of fair play and substantial justice and are thus subject to personal jurisdiction in California state courts.

16. Venue is proper because the acts and omissions and otherwise wrongful conduct which are the subject of this Complaint occurred in the County of Los Angeles, State of California.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against All Defendants)**

17. Plaintiff incorporates by reference paragraphs 1 through 16 of this Complaint as fully set forth herein and further allege as follows:

18. At all times mentioned in this Complaint, Defendants and each of them so negligently and carelessly designed, packaged, manufactured, constructed, tested, assembled, inspected, distributed and sold, the LAPTOP so as to proximately cause and contribute to the occurrence of the subject incident itself and/or the damages to Plaintiff resulting therefrom.

19. Based upon information and belief, Plaintiff alleges that Defendants, and each of them, knew or should have known that the LAPTOP was unsafe and dangerous for its intended use in that Defendants failed to ensure that the LAPTOP was designed, packaged, manufactured, constructed, tested, assembled, inspected, distributed and sold in a manner that would eliminate a fire hazard inherent in the equipment so that it would eliminate any hazard of a fire that could endanger the public and any intended users, such as Plaintiff.

20. Defendants, and each of them, breached their duty of care by failing to take reasonable steps to ensure the safety of its users of its products, including the LAPTOP, and to

4

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

prevent them from being exposed to a dangerous condition such as the LAPTOP while Plaintiff

21. At all times mentioned in this Complaint, the LAPTOP and its component parts were defective as to design and manufacture, causing the fire which spread to the SUBJECT PROPERTY, with said LAPTOP being in a dangerous and defective condition that made it unsafe for its intended use.

22. As a direct and proximate result of the negligence and carelessness of the Defendants and each of them as described above, the SUBJECT PROPERTY was damaged as a fire spread from the LAPTOP into and about the SUBJECT PROPERTY causing fire and smoke damage throughout.

23. As a direct and proximate result of the negligence and carelessness of the Defendants and each of them as described above Plaintiff suffered extensive personal injury including second degree burns, sequela and smoke inhalation requiring intubation.

24. Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distributing into the stream of commerce of the LAPTOP, including a duty to ensure that the LAPTOP did not pose a risk of causing fire.

25. Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distributing into the stream of commerce the LAPTOP. Defendants were negligent in manufacturing and selling the LAPTOP that Defendants to exercise reasonable care in the design process and carelessly failed to prevent the product from creating an unreasonable risk of harm, including the foreseeable risk of a fire hazard, to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner Defendants might reasonably have expected.

26. Despite the fact that Defendants knew or should have known that the LAPTOP could and would present a serious threat of fire and resulting injury to consumers, Defendants continued to market the LAPTOP as safe and effective, thus breaching the duty of care owed to Plaintiff and to the consuming public.

27. Defendants failed to act as a reasonable manufacturer, designer, and seller of laptop computers.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Exhibit A

Page 15

## SECOND CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

### (Against All Defendants)

28.    Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as fully set forth herein and further alleges as follows:

29.    At all times mentioned in this complaint, the LAPTOP and its component parts were defective as to design and manufacture, causing the fire which spread to the SUBJECT PROPERTY, with said LAPTOP being in a dangerous and defective condition that made it unsafe for its intended use.

30.    As a direct and proximate result of the defective and dangerous condition of the LAPTOP described above, Plaintiff's premises, as described above was damaged as fire spread from the LAPTOP into and about the SUBJECT PROPERTY.

31.    Plaintiff is informed and believe and thereon alleges that Defendants, and each of them, intended that the LAPTOP was expected to, and did reach consumers, including Plaintiff, without substantial change in the condition in which the product was sold.

32.    At all times material hereto, the LAPTOP was in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce. Such condition included, but is not limited to, one or more of the following:

(a)    When placed in the stream of commerce, the LAPTOP contained manufacturing defects, subjecting Plaintiff and others to risks, including the risk that the LAPTOP would cause a fire;

(b)    When placed in the stream of commerce, the LAPTOP contained unreasonably dangerous design defects and was not reasonably safe for the intended use, subjecting Plaintiff and others to risk, including the risk that the LAPTOP would cause a fire;

(c)    The LAPTOP was insufficiently tested and inspected; and

(d)    The LAPTOP was not accompanied by adequate instructions and/or warnings to fully inform Plaintiff and others of the full nature or extent of

6

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

risk associated with the LAPTOP.

33.    Defendants knew or should have known of the dangers associated with the use of the LAPTOP. Despite this knowledge, Defendants continued to manufacture, sell, distribute, promote and supply the LAPTOP so as to maximize sales and profits at the expense of the public health and safety. Defendants' conduct was done in conscious disregard of the foreseeable harm caused by the defective LAPTOP and in conscious disregard for the rights and safety of consumers such as Plaintiff.

34.    Plaintiff used the LAPTOP as directed for their intended purpose.

35.    At all times mentioned herein, LAPTOP was defective and Defendants knew that this product was to be used by the user without inspection for defects therein. Moreover, Plaintiff did not know nor have reason to know at the time of use of the LAPTOP of the existence of the aforementioned defects. Plaintiff could not have discovered the defect in the LAPTOP through the reasonable exercise of care.

36.    As a direct and proximate result of the failure of the defective LAPTOP, Plaintiff has suffered damages as described herein.

### THIRD CAUSE OF ACTION

### BREACH OF IMPLIED WARRANTIES

### (Against All Defendants)

37.    Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as fully set forth herein and further alleges as follows:

38.    Plaintiff is informed and believes and thereon alleges that prior to the time that the LAPTOP was used by Plaintiff, Defendants impliedly warranted to Plaintiff that the product was of merchantable quality and safe and fit for the use for which it was intended.

39.    Plaintiff was and is unskilled in the research, design and manufacture of the LAPTOP, and Plaintiff reasonably relied on the skill, judgment and implied warranty of Defendants in using the LAPTOP.

40.    The LAPTOP was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that this product had dangerous propensities to cause a fire.

7

41. Defendants, by selling, delivering and/or distributing the defective LAPTOP to Plaintiff and the general public breached the implied warranty of merchantability and fitness and thereby caused Plaintiff to suffer the injuries and damages described herein.

## FOURTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTIES

### (Against All Defendants)

42. Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint as fully set forth herein and further alleges as follows:

43. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants expressly warranted to Plaintiff, by and through statements made by Defendants or their authorized agents and/or sales representatives, orally and/or in publications, package inserts and other written materials intended for consumers, that the aforementioned LAPTOP was safe, effective, fit and proper for its intended use.

44. In utilizing the LAPTOP, Plaintiff relied on the skill, judgment, representations and foregoing express warranties of Defendants.

45. Those warranties and representations were false in that the LAPTOP was not safe and was unfit for the uses for which it was intended.

46. As a direct and proximate result of the foregoing breach of express warranties by Defendants, Plaintiff has suffered the damages described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages according to proof;

2. For medical expenses, past and future, according to proof;

3. For lost earnings, past and future, according to proof;

4. For loss of earning capacity according to proof;

5. For pre- and post-judgment interest;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Exhibit A
Page 18

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands, as a matter of right, trial by jury in this case on all causes of action.

Dated: December 19, 2024

ENGSTROM, LIPSCOMB & LACK

By: _____
WALTER J. LACK, ESQ.
ANDREW M. JACOBSON, ESQ.
JASON TILLMAN, ESQ.
SYDNEY DESMAN, ESQ.
RYAN J. FARRELL, ESQ.
Attorneys for Plaintiff,
NICOLLE STOREY

9

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Andrew M. Jacobson, Esq. (SBN 286330)<br>Engstrom, Lipscomb & Lack<br>11601 Wilshire Boulevard, 14th Floor<br>Los Angeles, California 90025<br>TELEPHONE NO.: (310) 552-3800  FAX NO.: (310) 552-9434<br>EMAIL ADDRESS: ajacobson@elllaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Nicolle Storey | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/19/2024 5:56 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miranda, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 275 Magnolia
MAILING ADDRESS: 275 Magnolia
CITY AND ZIP CODE: Long Beach, California 90802
BRANCH NAME: South District/Governor George Deukmejian Courthouse

CASE NAME: Storey v. Microsoft Corporation, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>24LBCV02836<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* (4) Negligence; Strict Products Liability; Breach of Implied Warranties; Breach of Express Warranties
5. This case ☐ is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/19/2024

Andrew M. Jacobson, Esq. ▶ _____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
CEB Essential Forms
ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Storey-6343          Exhibit A
Page 20

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract   *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff   *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic*
      *relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case  *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

CM-010 [Rev. January 1, 2024]

■CEB | Essential
ceb.com ⒮Forms

**CIVIL CASE COVER SHEET**

Page 2 of 2

Storey-6343

Exhibit A
Page 21

| SHORT TITLE | CASE NUMBER |
|---|---|
| Storey v. Microsoft Corporation, et al. | 24LBCV02836 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exhibit A
Page 22

| SHORT TITLE<br>Storey v. Microsoft Corporation, et al. | | CASE NUMBER<br>24LBCV02836 | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

Exhibit A
Page 23

| SHORT TITLE | CASE NUMBER |
|---|---|
| Storey v. Microsoft Corporation, et al. | 24LBCV02836 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| | | |
|---|---|---|
| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |

Exhibit A
Page 24

| SHORT TITLE | CASE NUMBER |
|---|---|
| Storey v. Microsoft Corporation, et al. | 24LBCV02836 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

Exhibit A
Page 25

| SHORT TITLE | CASE NUMBER |
|---|---|
| Storey v. Microsoft Corporation, et al. | 24LBCV02836 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 823 E Seaside Walk, Long Beach, CA 90803 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Long Beach | CA | 90803 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 12/19/2024

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

Exhibit A
Page 26

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>12/19/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ A. Miranda _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24LBCV02836 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Mark C. Kim | S27 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 12/20/2024 _____          By A. Miranda _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Exhibit A
Page 27

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Exhibit A
Page 28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br><br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**12/20/2024**<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ A. Miranda _____ Deputy |
| PLAINTIFF(S):<br>Nicolle Storey | |
| DEFENDANT(S):<br>Microsoft Corporation, a Washington Corporation, et al. | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>24LBCV02836 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>03/05/2025</u> at <u>8:30 AM</u> in department <u>S27</u> of this court, <u>Governor George Deukmejian Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]     Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]     To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>12/20/2024</u>

Mark C. Kim / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

Exhibit A
Page 29

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**12/20/2024**<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ A. Miranda _____ Deputy |
| PLAINTIFF:<br>Nicolle Storey | |
| DEFENDANT:<br>Microsoft Corporation, a Washington Corporation, et al. | CASE NUMBER: |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | 24LBCV02836 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: 05/19/2025    Time: 8:30 AM    Dept.: S27

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 12/20/2024

Judicial Officer

Mark C. Kim / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Long Beach _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Andrew M. Jacobson
11604 Wilshire Blvd, 14th Fl
Los Angeles, CA 90025-1744

David W. Slayton, Executive Officer / Clerk of Court

By A. Miranda _____
Deputy Clerk

Dated: 12/20/2024

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

Exhibit A
Page 30

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/20/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Miranda _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Nicolle Storey | |
| DEFENDANT/RESPONDENT:<br>Microsoft Corporation, a Washington Corporation, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24LBCV02836 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Long Beach, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Andrew M. Jacobson
Engstrom, Lipscomb & Lack
11604 Wilshire Blvd, 14th Fl
Los Angeles, CA 90025-1744

David W. Slayton, Executive Officer / Clerk of Court

Dated: 12/20/2024

By:  A. Miranda
        Deputy Clerk

CERTIFICATE OF MAILING

Exhibit A
Page 31



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   ### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   ### Mediation may **not** be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

Exhibit A
Page 32

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm